IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GAIL WILLIAMS                                                                                      PLAINTIFF

VS.                                                          CIVIL ACTION NO. 1:13cv283-LG-JMR

STATE OF MISSISSIPPI; BONNIE WILLIAMS;
JIMMY WILLIAMS; TIMOTHY MURR;
TONY SIMPSON; STATE OF FLORIDA;
STATE OF LOUISIANA                                                                          DEFENDANTS

### REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte*, due to the failure of the plaintiff, Gail Williams [Williams], to comply with the Court's Order [15] to Show Cause. Williams filed her Complaint on July 9, 2013, and has yet to issue process to any of the named defendants, in spite of repeated attempts by the Court to apprise Williams of the importance of prosecuting her case.

Williams asserts that she is homeless and unable to afford an attorney to assist in her lawsuit. [10.] She indicates that she "deserves a break on my case" because she has what she characterizes a "good case." (*Id*.)

### ANALYSIS

Federal Rule of Civil Procedure 41 (b), titled "Involuntary Dismissal: Effect Thereof," provides as follows: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of failure to prosecute cannot be seriously doubted. The power to invoke this

sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (*per curiam*) (addressing Rule 41(b) dismissal of prisoner's lawsuit); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing the district court's Rule 41(b) discretion).

The Order to Show Cause allowing Williams additional time to provide an explanation why she has failed to issue process in this case was returned on May 28, 2014. [16.] Based on the foregoing, and in light of the fact that nearly a year has passed without service of process ever being issued in this case, the Court is of the opinion that Williams is unable to pursue this case at this time. This circumstance delays the expeditious resolution of other cases. In addition, Williams has failed to show cause why this case should not be dismissed, as ordered by this Court on May 21, 2014. Therefore, this Court recommends that this case should be dismissed without prejudice for failure to prosecute.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than July 11, 2014, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R was sent to Williams at her last known address by certified mail, return receipt requested.

  This the 27th day of June, 2014.

                *s/ John M. Roper, Sr.*
                CHIEF UNITED STATES MAGISTRATE JUDGE